631 P.2d 219

**Werner BRAMMER, Plaintiff-Appellant,**

v.

**LATAH COUNTY ASSESSOR and Latah County Board of Equalization, Defendants-Respondents.**

No. 13431.

Supreme Court of Idaho.

July 14, 1981.

Werner Brammer, pro se.

William C. Hamlett, Latah County Pros. Atty., Moscow, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from a judgment of the district court which rejected plaintiff-appellant Brammer's challenge to the method by which his real property was reappraised and reassessed for ad valorem tax purposes. We affirm.

I.C. § 63–221 requires the county assessor to conduct and carry out a continuing pro-

gram of property valuation for all properties under his or her jurisdiction. Pursuant thereto the Latah County Assessor instituted and implemented a multi-year reappraisal on an area by area basis in that county. Areas were reappraised in the following sequence: the city of Moscow; the towns of Genesee, Troy and Deary; the towns of Potlatch and Boville; the rural areas of the Potlatch and Moscow school districts; the rural areas of the Kendrick and Julietta school districts; and finally the towns of Kendrick and Julietta. In each instance the values of the newly reappraised properties were placed on the then current year's tax rolls.

Appellant Brammer's property is located in the rural area of the Kendrick and Julietta school districts. Brammer objected to the tax roll value placed upon his property on the basis that he was impermissibly discriminated against since properties located in the towns of Kendrick and Julietta were not increased in tax roll valuation until their scheduled reappraisal in 1978. Brammer filed objections with the Latah County Assessor, the Latah County Commissioners acting as a Board of Equalization and the Idaho Board of Tax Appeals, all of which rejected his objections. This action was then filed in the district court.

The district court conducted a trial de novo and thereafter found that the reappraisal and reassessment were based upon an orderly plan, that the assessor had not acted in an arbitrary or capricious manner and that the plan did not impermissibly discriminate for or against any person within any class.

On appeal Brammer's principal claims are that the cyclical plan impermissibly discriminated against him and that the plan lacked rationality in that similarly situated property was reappraised subsequent to his property. We deem our recent opinion in *Justus v. State Board of Equalization*, 101 Idaho 743, 620 P.2d 777 (1980), to be dispositive of the instant case. *Justus* also involved a challenge to a cyclical reappraisal plan in which the property of the objecting taxpayer was immediately placed on the tax rolls at its increased value while other properties were not reappraised until the final year of the cyclical plan. There, as here, we examined the standard to evaluate alleged tax discrimination prohibited by Art. 7, § 5 of the Idaho Constitution and the equal protection clause of the Federal Constitution.

In *Justus* we noted that absolute uniformity of property taxation is an unobtainable goal, that a presumption of constitutionality attaches to taxing decisions, and that the objecting party carries the burden of overcoming that presumption. We there held that the placing of revalued property on the tax rolls annually as reappraisals in a multi-year plan are completed does not offend constitutional equal protection and uniformity requirements in the absence of intentional and systematic discrimination, arbitrary, capricious or fraudulent action. We stated that in evaluating whether a plan is arbitrary or intentionally discriminatory all relevant circumstances should be considered, including the limitations of time and staff, the nature and extent of existing inequities in the tax rolls, the extent to which such existing inequities are rectified by the plan, the amount and duration of the temporary disparities under the plan and whether non-implementation of the plan would perpetuate existing inequities.

Here the district court specifically found that the cyclical plan was neither arbitrary, capricious nor discriminatory. The record supports such findings and we hold that the Latah County cyclical plan did not violate Art. 7, § 5 of the Idaho Constitution or the equal protection clause of the Federal Constitution.

We have examined the remaining assertions of error and find them to be without merit. The judgment is affirmed. Costs to respondents. No attorney fees allowed.

BAKES, C. J., and McFADDEN, BISTLINE and DONALDSON, JJ., concur.